Matter of Ludrosky v Squillace
2026 NY Slip Op 03807
June 17, 2026
Appellate Division, Second Department
Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.
This decision is uncorrected and subject to revision before publication in the Official Reports.

In the Matter of Justine M. Ludrosky, appellant,
v
Salvatore Squillace, respondent.

Supreme Court of the State of New York, Appellate Division, Second Judicial Department
Decided on June 17, 2026
2025-02482, 2025-02486, (Docket No. O-7161-24)
Cheryl E. Chambers, J.P.
William G. Ford
Lillian Wan
Susan Quirk, JJ.

Steven A. Feldman, Manhasset, NY, for appellant.

[*1]
DECISION & ORDER
In a proceeding pursuant to Family Court Act article 8, the petitioner appeals from two orders of the Family Court, Suffolk County (Rosamaria Abbate, J.), both dated February 14, 2025. The first order, after a hearing, dismissed the family offense petition, vacated a temporary order of protection of the same court (Matthew Hughes, J.) dated May 7, 2024, and modified by the same court (James W. Malone) on May 16, 2024, and dismissed violation petitions dated July 8, 2024, July 26, 2024, October 8, 2024, and October 15, 2024. The second order, upon the first order, vacated all orders of protection issued under Docket No. O-7161-24 and dismissed the family offense petition.
ORDERED that the orders are affirmed, without costs or disbursements.
The parties were divorced in 2019. In 2024, the petitioner filed a family offense petition, alleging that the respondent committed the family offenses of grand larceny in the first, second, third, or fourth degree, harassment in the first or second degree, aggravated harassment in the second degree, menacing in the second or third degree, identity theft in the first, second, or third degree, reckless endangerment, stalking, and criminal mischief. The petitioner obtained a temporary order of protection against the respondent dated May 7, 2024, which was modified on May 16, 2024. Thereafter, the petitioner filed four violation petitions dated July 8, 2024, July 26, 2024, October 8, 2024, and October 15, 2024, respectively, alleging that the respondent had violated the temporary order of protection. In an order dated February 14, 2025, made after a hearing, the Family Court dismissed the family offense petition, vacated the temporary order of protection, and dismissed the violation petitions. In a second order also dated February 14, 2025, upon the first order, the court vacated all orders of protection issued under Docket No. O-7161-24 and dismissed the family offense petition. The petitioner appeals.
In a family offense proceeding, the petitioner has the burden of establishing the offense by a fair preponderance of the evidence (see Family Ct Act § 832; Matter of Malcolm v Arnold, 238 AD3d 1042, 1043). The determination of whether a family offense was committed is a factual issue to be resolved by the hearing court (see Laura W. v John U., 241 AD3d 754, 758). The Family Court's determination as to the credibility of witnesses is entitled to great weight and, if supported by the record, will not be disturbed on appeal (see Matter of Nunez v Spellen, 235 AD3d 874, 875).
Here, the Family Court was presented with sharply conflicting accounts by the parties, and the court's determination to credit the respondent's testimony over the petitioner's testimony is supported by the record (see Matter of Malcolm v Arnold, 238 AD3d at 1043).
The petitioner's remaining contentions are without merit.
CHAMBERS, J.P., FORD, WAN and QUIRK, JJ., concur.
ENTER:
Darrell M. Joseph
Clerk of the Court